**UNITED STATES of America,**
**Appellee,**

v.

**Frank R. MORROW, Defendant–**
**Appellant.**

No. 14–259.

United States Court of Appeals,
Second Circuit.

June 5, 2015.

Gwen M. Schoenfeld, Law Office of Gwen M. Schoenfeld, LLC, New York, NY, for Appellant.

Emily Berger, Michael P. Canty, Assistant United States Attorneys, for Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: RICHARD C. WESLEY, PETER W. HALL and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Frank Morrow appeals from the district court's imposition of a two-year term of imprisonment based on Morrow's violation of the terms of his supervised release.[1] After considering the factors set forth in specific subsections of section 3553, a district court may revoke a defendant's term of supervised release and sentence the defendant to a term of imprisonment. 18 U.S.C. § 3583(e)(3). "Sections 3553(a)(1), (a)(2)(B), and (a)(2)(C), which are among the sections the court is expressly required to consider, provide that

> [t]he court in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>
> . . . .
>
> (B) to afford adequate deterrence to criminal conduct; [and]

> (C) to protect the public from further crimes of the defendant. . . ."

*United States v. Williams,* 443 F.3d 35, 48 (2d Cir.2006) (quoting 18 U.S.C. § 3553(a)). This list of considerations is not exhaustive. *Id.* at 47–48. "[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A (Introduction), ¶ 3(b).

Here, Morrow argues that his sentence of incarceration is substantively unreasonable principally because his violation for possession of stolen property was non-violent and the court relied too heavily on Morrow's criminal history.[2] The sentencing transcript reveals that the district court placed Morrow's criminal history in the larger context of Morrow's breach of the court's trust and the court's obligations to society. As the court noted, Morrow's criminal record is extensive, and Morrow's decision to act as a getaway driver for a home burglary is "a serious offense in terms of Mr. Morrow's breach of trust, with respect to the conditions of supervised release. He displayed an inability to be a law-abiding member of society and to follow the terms of his supervision." J.A. at 142. The court explained that Morrow's "slip[ ] up[s]" endanger society. J.A. at 143. The court appropriately considered the need to protect society and specific deterrence in fashioning Morrow's sentence, and both of these factors, in combi-

---

**1.** "Substantive reasonableness is . . . reviewed for abuse of discretion[.]" *United States v. Desnoyers,* 708 F.3d 378, 385 (2d Cir.2013). Our review for substantive reasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United*

*States v. Rigas,* 583 F.3d 108, 123 (2d Cir. 2009).

**2.** Since Morrow did not present an argument about why the new three-year term of supervised release is substantively unreasonable, we conclude that this issue is abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

nation with Morrow's long criminal history, support a sentence that is higher than the policy statement's range. In sum, Morrow's sentence is not substantively unreasonable.

For the reasons stated above, the judgment and sentence of the district court are **AFFIRMED.**